Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 8238 | DATE | 6/20/2000 |
| CASE TITLE | Judy Zapka vs. The Coca-Cola Company | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss (5-1) is denied. Enter memorandum opinion and order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| ✓ | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 21 2000 | |
| | Notified counsel by telephone. | date docketed | 27 |
| | Docketing to mail notices. | MT | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

JUDY ZAPKA, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.

THE COCA-COLA COMPANY,
a Delaware Corporation,

    Defendant.

99 C 8238

Judge George W. Lindberg

**DOCKETED**

**JUN 2 1 2000**

## MEMORANDUM OPINION AND ORDER

Plaintiff Zapka initiated this suit pursuant to Rule 23 of the Federal Rules of Civil Procedure, alleging Defendant Coca Cola violated the Illinois Consumer Fraud and Deceptive Business Practices Act by advertising the diet Coke brand name while using aspartame as a sweetener in diet Coke drinks sold in cans and bottles (collectively, "bottled diet Coke") and a blend of aspartame and saccharin in diet Coke drinks sold from soda fountains ("fountain diet Coke"). Defendant has filed a Rule 12(b)(6) motion to dismiss the Amended Complaint asserting: (1) Defendant's use of two different formulas for diet Coke drinks in different applications is not false or misleading; (2) Defendant's advertising was neither false nor misleading and Defendant properly labeled its bottled and fountain diet Coke products; (3) Plaintiff's request for injunctive relief should be dismissed because Defendant's future advertising and marketing practices cannot harm Plaintiff; and (4) Plaintiff has not alleged that

1

27

she was injured by Defendant's alleged actions or omissions. For the reasons articulated below, Defendant's motion to dismiss will be denied.

## I. BACKGROUND

Plaintiff feared the health risks associated with saccharin, and as a result resolved to eliminate the substance from her diet. In late 1998 and early 1999 Plaintiff was pregnant and conscientiously avoided ingesting saccharin. She asserts that she would not have knowingly used saccharin, or purchased a soft drink, including diet Coke, containing saccharin, for fear of jeopardizing the health of her unborn child. Based on the Plaintiff's numerous purchases of bottled diet Coke and studying the labels on the cans and bottles, Plaintiff believed diet Coke was sweetened exclusively with aspartame, and did not contain saccharin. Furthermore, Plaintiff remembers that Coca-Cola had vigorously advertised that diet Coke was sweetened with NutraSweet. Plaintiff purchased and ingested fountain diet Coke on a regular basis until January 1999, when she learned that fountain diet Coke contained saccharin.

## II. DISCUSSION

Motions to dismiss brought pursuant to Rule 12(b)(6) are disfavored and may only be granted where it, "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 1, 45-46 (1957). In reviewing a motion to dismiss the Court presumes all allegations contained in the complaint are true, and resolves all doubt and inferences in favor of the plaintiff. Albright v. Oliver, 510 U.S. 266 (1994).

Plaintiff brings this action under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (the "Consumer Fraud Act"). Section 2 of the Consumer

2

Fraud act, 815 ILCS 505/2 provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, pretense, false promise, misrepresentation or the concealment suppression or omission of any material facts, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965 in the conduct of any trade or commerce are hereby declared unlawful whether any person had in fact been misled, deceived or damages thereby. In constituting this section consideration shall be give to the interpretations of the Federal Trade Commission and federal courts relating to Section 5(a) of the Federal Trade Commission Act.

To state a claim under the Consumer Fraud Act, a plaintiff must show: (1) a false or misleading act or practice; (2) intent by the defendant that the plaintiff rely on the deception, (3) that the deception occurred in the course of conduct involving trade or commerce, and (4) to recover individual damages, plaintiff must additionally show that his or her injury proximately resulted from the violation. Connick v. Suzuki Motor Co. Ltd., 174 Ill. 2d 482, 675 N.E. 2d 584 (1996); Perona v. Volkswagon of America, Inc., 292 Ill. App. 3d 59, 65, 684 N.E. 2d 859, 864 (1st Dist. 1997).

Defendant asserts four arguments in support of its motion to dismiss: (1) the use of two different formulas is not false or misleading; (2) Defendant's advertising was neither false nor misleading and Defendant properly labeled its bottled and fountain diet Coke products; (3) Plaintiff's request for injunctive relief should be dismissed because Defendant's future advertising and marketing practices cannot harm Plaintiff; and (4) Plaintiff has not alleged that she was injured by Defendant's alleged actions or omissions.

To begin, Defendant's first two arguments are questions of fact improperly brought at this

3

stage of litigation. Whether Defendant's use of two formulas or advertising strategies were misleading in a manner cognizable under the Act is a question that cannot be sufficiently addressed on the face of the pleadings. To succeed in dismissing the Complaint on these grounds Defendant would need to demonstrate that there is no set of facts which Plaintiff could present consistent with her allegations which would entitle her to relief. Defendants have not met this burden and will not prevail on these arguments.

Next, Defendant argues that Plaintiff has failed to state a claim for injunctive relief because she is not likely to be damaged in the future by Coca-Cola's because she is now aware that fountain diet Coke contains saccharin. Defendant does not dispute that injunctive relief may be available under the Consumer Fraud Act, but instead asserts that here, because Plaintiff is not likely to again be deceived by Defendant's acts or omissions, she does not have standing for injunctive relief. In support of this proposition, Defendant relies on dicta in Smith v. Prime Cable of Chicago, in which the Court indicated that injunctive relief would likely not have been appropriate for Plaintiffs as the offending conduct had already occurred and was not likely to be rebroadcast. 276 Ill. App. 3d 843 (1st Dis. 1995). Here. however, there is no such certainty as to the unlikelihood of continuing injury. The Court cannot find here, as a matter of law that there is no set of facts which Plaintiff could prove which could entitle her to injunctive relief under the Act.

Finally, Defendant argues that Plaintiff has not alleged an injury in violation of the Consumer Fraud Act. Defendant states that Plaintiff is barred from any personal recovery because she has not alleged she suffered any physical injury from drinking fountain diet Coke or from any alleged misrepresentation made by Coca-Cola. However, physical injury is not the

4

standard under the Act. Here, Plaintiff has alleged, *inter alia*, that she would not have purchased Defendant's product absent the alleged deceptive conduct, and that is sufficient to survive this motion.

**ORDERED:** Defendants' motion to dismiss is denied.

ENTERED:

GEORGE W. LINDBERG
District Judge

Date: ___JUN 2 0 2000___