Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8238 | **DATE** | 10/26/2000 |
| **CASE TITLE** | JUDY ZAPKA vs. THE COCA-COLA COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for class certification [20-1] is denied. Enter memorandum opinion and order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | OCT 27 2000 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 OCT 26 PM 5:20 |
| LG | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY ZAPKA, on behalf of itself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 99 CV 8238 |
| THE COCA-COLA COMPANY, a Delaware Corporation, | ) ) ) | Judge John W. Darrah |
| Defendant. | ) ) | |

DOCKETED
OCT 27 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ms. Judy Zapka, filed a class action against defendant, The Coca-Cola Corporation, in Cook County, Illinois, removed to federal court, alleging that it violated the Illinois Consumer Fraud and Deceptive Business Practices Act and the consumer fraud acts of all other jurisdictions by misrepresenting that soda fountain Diet Coke and bottled Diet Coke are a single, unified product although bottled Diet Coke is sweetened with only aspartame and fountain Diet Coke is sweetened with both aspartame and saccharin. Currently before the Court is plaintiff's motion for class certification.

### I. BACKGROUND

Plaintiff's complaint alleges the following facts. Prior to November of 1984, Diet Coke products were sweetened by saccharin or a mixture of saccharin and aspartame. In November 1984, defendant announced in a press release that it would "replace the saccharin in Diet Coke with the sweetener aspartame" and that "for now" the fountain version of Diet Coke would not be changed to aspartame only. From November 1984 until sometime in 1992 or 1993, defendant marketed Diet Coke as a diet beverage sweetened with the NutraSweet brand sweetener and displayed the

NutraSweet trademark, a "pinwheel", on bottled Diet Coke and Diet Coke advertisements. During this time, some of defendant's advertisements contained print indicating that Diet Coke with 100% NutraSweet was not available at soda fountains, and some of the advertisements flashed a brief subtitle indicating the same. In the late 1980's or early 1990's, defendant ceased using NutraSweet, instead, using a generic aspartame. Defendant then stopped advertising Diet Coke as having NutraSweet in its contents and stopped using the NutraSweet trademark. Cans and bottles of Diet Coke indicated it was sweetened with aspartame. From sometime in 1992 or 1993 to the present, defendant advertised Diet Coke as a single, unified product and has not advertised that bottled or canned Diet Coke is different than fountain Diet Coke, in that fountain Diet Coke contains saccharin.

Plaintiff alleges that defendant misled consumers into believing fountain Diet Coke and bottled and canned Diet Coke were the same product and that fountain Diet Coke did not contain saccharin. Based on her belief that all forms of Diet Coke no longer contained saccharin, plaintiff continued to drink fountain Diet Coke although she believed she had eliminated saccharin from her diet because she feared health risks associated with its intake.

Plaintiff seeks injunctive relief: ordering defendant to cease advertising, marketing, or otherwise representing that Diet Coke from a fountain and bottled or canned Diet Coke are the same products; requiring defendant market the products under different names and logos; enjoining defendant from advertising that Diet Coke is sweetened with only aspartame; requiring all advertisements to disclose that fountain Diet Coke contains saccharin; and ordering corrective advertising. She also seeks disgorgement of all of defendant's profits and actual damages to herself for the fountain Diet Coke she would not have purchased had she known it contained saccharin.

## II. PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff seeks national class certification under Rule 23(b)(2) or Rule 23(b)(1) or, in the alternative, multi-state or Illinois class certification. Defendant argues class certification should be denied because: the proposed class is not adequately defined; plaintiff seeks primarily monetary rather than injunctive relief; common issues of law and fact do not predominate over individual issues; plaintiff fails to meet the criteria of Rule 23(b)(1); and a class action is not superior to other available administrative proceedings.

In her Amended Complaint, plaintiff initially states that the class action is "brought on behalf of all individuals who consumed diet Coke from the fountain, deceived by the marketing practices employed by Coca-Cola Company into believing that fountain diet Coke does not contain saccharin." In the same complaint, under the heading "THE CLASS", plaintiff states that she "brings this action on behalf of herself and all others similarly situated as representative of the proposed class of all individuals who consumed fountain diet Coke after November of 1984." In her motion for class certification, plaintiff proposes a new class, defined as "All residents of the fifty states and the District of Columbia, other than employees, officers and directors of the Coca-Cola Company, who purchased or consumed fountain diet Coke after November 30, 1984."

## III. ANALYSIS

Allegations made in support of class certification are considered true (*Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993)); and, as a general matter, this Court does not examine the merits of the case (*Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520,

529-30 (N.D. Ill 1998), citing *Castano v. American Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996). "A court must understand the claims, defenses, relevant facts and applicable substantive law in order to make a meaningful determination of certification issues." *Dhamer*, 183 F.R.D. at 530.

To receive class certification, plaintiff must satisfy all four elements of the Federal Rules of Procedure Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Plaintiff must also satisfy at least one of the three provisions under Rule 23 (b). The parties do not dispute that the enumerated requirements of Rule 23(a) are met; therefore, this Court will not address these points. The Court also need not address whether plaintiff meets the requirements of Rule 23(b) based on the below findings.

A. Definiteness of Class

Rule 23(a) does not expressly require that a class be "definite" in order to be certified; however, a requirement that there be an identifiable class has been implied by the courts. *Alliance to End Repression v. Rochord*, 565 F.2d 975, 977 (7th Cir. 1977); *Elliot v. ITT Corp.*, 150 F.R.D. 569, 573-74 Ill. 1992). There are two primary purposes of properly identifying the proposed class. First, a properly identified class alerts the parties and the court to the burdens that such a process might entail; and second, proper identification of the class insures that those individuals actually harmed by a defendant's wrongful conduct will be recipients of the relief eventually provided. *Simer v. Rios*, 661 F.2d 655, 670 (7th Cir. 1981).

An identifiable class exists if its members can be ascertained by reference to objective criteria. The class can be defined by reference to the defendant's conduct. *Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 322, 328 (N.D. Ill. 1995). An identifiable class does not exist if membership in the class is contingent on the state of mind of the prospective members. *Elliot*, 150

F.R.D. at 574; *Simer*, 661 F.2d at 669. A class may be certified although the initial definition includes members who have not been injured or do not wish to pursue claims against the defendant (*Elliott*, 150 F.R.D. at 575); however, the exact membership of the class must be ascertainable at some point of the case (*Clay v. American Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999)).

Plaintiff first defines the proposed class in paragraph 1 of her amended complaint as "all individuals who consumed diet Coke from the fountain, deceived by the marketing practices employed by Coca-Cola Company into believing that fountain diet Coke does not contain saccharin." If the class is defined to include only those consumers who were allegedly deceived by defendant's marketing practices into believing that fountain Diet Coke does not contain saccharin, the membership of each class is contingent on each class member's state of mind. Plaintiff admits that she purchased fountain Diet Coke "based on her belief that it was sweetened with aspartame and not saccharin." Plaintiff has not identified any particular advertisements that allegedly deceived her into such a belief; therefore, defendant would need to examine each class member as to which, if any, allegedly deceptive advertisements they saw. Plaintiff's initial proposed class fails to adequately identify a class because membership in the class is contingent on the state of mind of the prospective members. *Elliot*, 150 F.R.D. at 574; *Simer*, 661 F.2d at 669.

Plaintiff then defines the class in paragraph 10 of her amended complaint as "herself and all others similarly situated as representative of the proposed class of all individuals who consumed fountain Diet Coke after November of 1984." Defining the class to include "others similarly situated" would again make membership of each class member contingent on each class member's state of mind because plaintiff alleges she was deceived by defendant's allegedly deceptive advertisements and marketing practices and relied on those representations. As stated above, such

a class is inadequately identified because membership in the class is contingent on the state of mind of the prospective members. *Elliot*, 150 F.R.D. at 574; *Simer*, 661 F.2d at 669.

In response to this analysis raised by defendant, the plaintiff abandons this class definition as set out in plaintiff's amended complaint. In her reply[1], plaintiff asserts that the class is defined as: "all who purchased or consumed fountain diet Coke after November 30, 1984." The same definition also appears in plaintiff's motion for class certification. This definition includes all present and future individuals who purchased or consumed fountain Diet Coke. As defined, a new set of plaintiffs would be added to the class each day, including individuals that either purchase or consume fountain Diet Coke and irrespective if they saw the allegedly deceptive advertising. The actual number of the potential class is enormous and constantly growing. At no time during the litigation would the exact membership of the class be ascertainable, resulting in an insufficiently defined class. See *Clay*, 188 F.R.D. at 490. In addition, the proposed class includes individuals that consumed or purchased fountain Diet Coke but were not deceived by any advertisements or marketing and, therefore, improperly includes individuals who were not harmed. See *Simer*, 661 F.2d at 670.

Acknowledging that her class may not be adequately defined, plaintiff invites this Court to exercise its discretion and redefine an adequate class. However, even if this Court were to utilize its broad discretionary powers and attempt to redefine the membership of the class, such efforts would be futile because, in addition to the above analysis, plaintiff's claim is unmanageable as a class action due to variations in state law and the significant number of individualized elements of proof as discussed below.

---

[1] See Plaintiff's Reply In Support Of Her Motion For Class Certification, P. 2, n.2.

## B. Manageability of the Case

While all sections of 23(b) do not expressly contain a predominance and superiority requirement, the court is still obligated to determine whether the existence of individual issues preclude certification. *Clay*, 188 F.R.D. at 495. The court does not consider the merits of the claims at the class certification stage; however, it must take into account the substantive elements of plaintiff's claims so as to envision the form the trial on the issues would take. *Elliott*, 150 F.R.D. at 579; *Clay*, 188 F.R.D. at 495.

Plaintiff alleges defendant's conduct is actionable under the Illinois Consumer Fraud Act and the consumer fraud acts of all other jurisdictions. Plaintiff seeks nationwide class certification with seven subclasses to account for different jurisdictions consumer fraud act proofs. In the alternative, she seeks multi-state or Illinois certification.

Under the Illinois Consumer Fraud Act, plaintiff must prove: (1) a deceptive act or practice by defendant; (2) an intent on defendant's part that plaintiff rely on the deception; and (3) the deception occurred in the course of conduct involving trade or commerce. 815 ILCS §505/2; *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 501 (1996). Plaintiff need not prove reliance; however, she must show that the consumer fraud proximately caused her injury. *Connick*, 174 Ill. 2d at 501. Proofs similar to Illinois' consumer fraud act exist in other state consumer fraud acts, *i.e.*, Delaware (Del. Code tit. 6, § 2513(a)) and Iowa (Iowa Code § 714.16.2(a)). Other state consumer fraud acts require that the defendant knew or should have known the statements were false or misleading, *i.e.*, Colorado (Colo. Rev. Stat. § 6-1-105(1)); while other state statutes require actual knowledge that the statements were false or misleading, *i.e.*, Arkansas (Ark. Code Ann. § 4-88-107(a)(1)). Plaintiff's 10 pages of discussion and analysis in her motion for class certification,

7

including 50 footnotes identifying and explaining the different consumer protection statutes that would be involved in nationwide class, demonstrate the myriad of complicated and sometimes conflicting proofs that would be required with such a class. The differences in the required proofs of the states statutes demonstrate that a nationwide certification would not be manageable because of the multiple and different variables that would have to be proved as to each class member.

In conclusion, under either definition of the class set out by the plaintiff, multi-state or Illinois classification would also not be manageable because of the reasons discussed above. Therefore, plaintiff's motion for class certification is denied.

Dated: October 26, 2000

JOHN W. DARRAH
United States District Judge